UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD GORDON ELLIOTT,

        Plaintiff,

v.                                  Case No. 3:21-cv-00290-BJD-MCR

ASSISTANT CHIEF BENOIT,
et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Edward Gordon Elliott, a pretrial detainee at the Duval County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.), a motion to proceed in forma pauperis (Doc. 2), and a motion to appoint counsel (Doc. 3). Plaintiff complains officers at the jail had been handling and passing out clean laundry using the same gloves they wore to handle and collect dirty laundry, placing inmates at risk of contracting illnesses, including COVID-19. See Compl. at 6, 9. He also complains that Assistant Chief Benoit "disregarded" a letter Plaintiff sent complaining about the way officers handle laundry, and Sergeant L.N. Williams harassed him for filing this lawsuit by being "rude" to him, causing a delay in "clearing" a check Plaintiff received from the IRS, and suspending his commissary account for five days. Id. at 11, 15, 17, 18. Plaintiff contends he contracted scabies in May

2019, which he believes was related to the officers' improper handling of laundry. Id. at 9, 19. He also says he suffers from "stress, mental anguish, exima [sic] and also [is] in fear of getting the Covid-19 virus." Id. at 19. Plaintiff seeks injunctive relief related to policies for handling laundry, and he requests compensatory and punitive damages. Id. at 20.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations

2

respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Plaintiff asserts Defendants have violated his rights under the Fifth and Fourteenth Amendments. See Compl. at 6.

First, Plaintiff fails to state a claim under the Fifth Amendment because the Fifth Amendment governs the conduct of federal actors, not state actors.

3

See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). Plaintiff sues state actors, not federal actors.

Second, Plaintiff fails to state a plausible claim for relief under the Fourteenth Amendment. Liberally construing his allegations, Plaintiff suggests his conditions of confinement exposed him to an excessive risk of serious harm, or officers were deliberately indifferent to his health and safety. To state a claim that his conditions of confinement violated the Eighth Amendment,[1] a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement.").

---

[1] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Plaintiff does not allege the conditions of his confinement posed an unreasonable risk to his health or safety. See id. Any risk he may have faced is speculative, including his belief that he contracted scabies from the laundry. Moreover, Plaintiff concedes "[t]he laundry department has made changes in the way laundry is being handled." See Compl. at 20. His subjective fear that "the laundry department may go back to handling the laundry improperly" does not constitute a sufficiently serious condition of confinement.

Additionally, Plaintiff fails to allege facts showing individual officers were deliberately indifferent to his health or safety. "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Goodman, 718 F.3d at 1332 (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319-20 (11th Cir. 2005) (emphasis in original)). Alleging simple negligence is not enough. In other words, demonstrating an official was subjectively aware

5

of a substantial risk of serious harm is "far more onerous" than demonstrating negligence under tort-based standards. Id.

Plaintiff essentially complains that officers failed to ensure a reasonably safe living environment, which sounds in negligence. He does not allege any of the named Defendants knew of and disregarded an excessive risk to his health or safety. Even if the officers should have appreciated or known it was unhygienic to handle dirty laundry using the same gloves they used to handle clean laundry, failing to "alleviate a significant risk that [officials] should have perceived but did not, while no cause for commendation," is not an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Third, Plaintiff fails to state a First Amendment violation against Defendant L.N. Williams for alleged retaliatory actions. Plaintiff's allegations are based on mere conjecture. Moreover, he does not allege he suffered an "adverse action" that would "likely deter a person of ordinary firmness from engaging in [protected] speech." See O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).

Finally, Plaintiff fails to state a plausible claim against Defendant Benoit because an official's failure to respond to a complaint or grievance is not a constitutional violation. See, e.g., Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance

6

with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied."). To the extent Plaintiff names Assistant Chief Benoit in his role as a supervisor, not only has Plaintiff has failed to state a plausible claim against any subordinate employee, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March 2021.

    _____
    BRIAN J. DAVIS
    United States District Judge

Jax-6
c:
Edward Gordon Elliott